UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND E. JOHNSON,

     **Plaintiff,**

v.                                      Case No. 8:15-cv-2850-T-27TGW

JOHN SCHWARZE, et al.,

     **Defendants.**

_____/

## ORDER

**BEFORE THE COURT** are Defendants' motion to dismiss (Dkt. 16), and Plaintiff's response (Dkt. 27). Upon consideration, the motion is GRANTED in part and DENIED in part.

## I. ALLEGATIONS OF THE COMPLAINT

On May 4, 2014, Plaintiff was walking his dogs while pushing his bicycle. He walked to an apartment building to help his cousin who was moving into an apartment. A police officer yelled to Plaintiff to "come down from up there." Plaintiff came down from the apartment, got his bicycle, and "started across the street." He noticed a police car behind him as he was walking to his friend's, Will Howard's, house. A police car was in Howard's driveway. A policeman yelled "Hey Nigger, did you hear me say stop!" Plaintiff replied "No sir. Let me park my bicycle."

An officer got out of his car, yelled "nigger get down," and shot Plaintiff with a taser. The officer "reloaded the taser gun" while saying "he won't go down." Plaintiff was already "down," and he was "moving uncontrollably" from "the electricity from [the] taser." Officer Schwarze jumped on Plaintiff and pulled his arm behind his back "as far as he could take it." Officer Schwarze reached into Plaintiff's pants pocket, then pulled his hand out while saying "this is your powder cocaine." Plaintiff said "no sir that is not mine. You had to put it in my pocket." Officer Schwarze said "shut

up nigger you are going to jail. Not only that you are going to prison nigger." After Plaintiff asked why he was being arrested, Officer Schwarze said "battery on a law officer nigger, possession of paraphernalia, not only that bicycle infraction, bike without a light."

Plaintiff names Officers John Schwarze, Jared Joyner, and Michael Waldron as Defendants. He contends that they subjected him to cruel and unusual punishment in violation of the Eighth Amendment, and violated his Fourth Amendment right to be free from unreasonable searches and seizures. He seeks monetary damages and an injunction "to prevent police retaliation."

## II. STANDARD OF REVIEW

Defendants move to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P. Rule 12(b)(6) states that any defendant may assert the defense of "failure to state a claim upon which relief can be granted" to a claim for relief. In deciding whether to grant a motion to dismiss on this ground, a court must accept "the allegations in the complaint as true and construe them in the light most favorable to the nonmoving party." *Starosta v. MBNA America Bank. N.A.*, 244 Fed. Appx. 939, 941 (11th Cir. 2007) (unpublished) (quoting from *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1139 (11th Cir. 2005)). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions. . . ." *Bell Atlantic Corp. et al. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (alteration in original) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Although the court must afford a *pro se* litigant wide leeway in pleadings, a *pro se* litigant is nonetheless required to satisfy necessary burdens in that he is "not relieved of his obligation to allege sufficient facts to support a cognizable legal claim," and "to survive a motion to dismiss, a Plaintiff must do more than merely label his claims." *Excess Risk Underwriters. Inc. v. Lafayette*

2

*Ins. Co.*, 208 F. Supp. 2d 1310, 1313 (S.D. Fla. 2002). Dismissal is, therefore, permitted "when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Group. Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (citing *Marshall City Bd. Of Educ. v. Marshall City Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

## III. SUMMARY OF THE ARGUMENTS

In their motion to dismiss, Defendants contend that the complaint should be dismissed because: 1) Defendant Schwarze is entitled to qualified immunity, since he had arguable probable cause to arrest Plaintiff; and 2) there are no allegations pertaining to Defendants Joyner and Watson.[1] Plaintiff responds that Defendant Joyner used a taser on Plaintiff during the arrest, and that either Defendant Waldron or Defendant Schwarze jumped on Plaintiff and planted cocaine in his pants pocket. And he argues that Defendant Schwarze is not entitled to qualified immunity because there was no probable cause to stop, search, and arrest Plaintiff, the cocaine was "planted" on him, and the force used was excessive.

## IV. DISCUSSION

Plaintiff's response in opposition to the motion to dismiss alters the facts alleged in his complaint. In the response (rather than the complaint), he specifies the actions taken by each Defendant. Therefore, he should be provided an opportunity to submit an amended complaint which clearly alleges the facts pertaining to the claims against each Defendant. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) ("A court's review on a motion to dismiss is limited to the four corners of the complaint.") (citation and internal quotation marks omitted).

---

[1] In their motion to dismiss, Defendants refer to Defendant Waldron as "Michael Watson." (Dkt. 16, p. 1).

To the extent Defendant Schwarze claims qualified immunity,[2] when that defense is raised on a motion to dismiss, the motion "will be granted if the complaint fails to allege the violation of a clearly established constitutional right." *Chesser v. Sparks*, 248 F.3d 1117, 1121 (11th Cir. 2001) (internal quotation marks and citation omitted). Plaintiff asserts Fourth Amendment unreasonable search and seizure and excessive force claims against Defendant Schwarze.[3]

"Consistent with the Fourth Amendment, law enforcement officers may seize a suspect for a brief, investigatory [] stop where (1) the officers have a reasonable suspicion that the suspect was involved in, or is about to be involved in, criminal activity, and (2) the stop was reasonably related in scope to the circumstances which justified the interference in the first place. . . .An officer may be entitled to qualified immunity even if there was no actual reasonable suspicion for a stop so long as there was arguable reasonable suspicion." *Montanez v. City of Orlando*, 2017 U.S. App. LEXIS 1857, at *6-7 (11th Cir. 2017) (unpublished) (citations and internal quotation marks omitted) (alteration in original).

Accepting Plaintiff's allegations as true, arguable reasonable suspicion to stop Plaintiff did not exist. And because there was no basis to stop Plaintiff, the force used was excessive. *See Jackson v. Sauls*, 206 F.3d 1156, 1171 (11th Cir. 2000) (*"if a stop or arrest is illegal, then there is no basis for any threat or *any use of force*, and an excessive force claim would always arise. . . ."*) (emphasis

---

[2]"Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Dalrymple v. Reno*, 334 F.3d 991, 994 (11th Cir. 2003) (*quoting Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). Plaintiff's allegations support that Defendant Schwarze was acting within the scope of his discretionary authority.

[3]The court construes Plaintiff's claim of excessive force during his arrest to allege a violation of the Fourth Amendment rather than the Eighth Amendment. *See Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002) ("The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest.").

added).  Because Plaintiff alleges a violation of a clearly established constitutional right, Defendant

Schwarze is not entitled to qualified immunity at this stage of the proceedings.

Accordingly, Defendants' motion to dismiss (Dkt. 16) is **GRANTED** solely to the extent that

the claims against Defendants Joyner and Waldron are dismissed, without prejudice, for failure to

state a claim on which relief may be granted.  The motion is otherwise **DENIED**.  Plaintiff shall file

and serve on counsel for Defendants an amended complaint within thirty (30) days.

**DONE and ORDERED** on May____25th____, 2017.


JAMES D. WHITTEMORE
United States District Judge


Copies to: *Pro Se* Plaintiff, Counsel of Record